IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 20 PM 4:51

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| BESSIE DODD, | X |  |
|  | X |  |
| Petitioner, | X |  |
|  | X |  |
| vs. | X | No. 04-2166-Ma/V |
|  | X |  |
| REUBEN HODGE, | X |  |
|  | X |  |
| Respondent. | X |  |
|  | X |  |

ORDER GRANTING MOTION FOR RECONSIDERATION
ORDER VACATING DISMISSAL ORDER AND JUDGMENT
AND
ORDER DIRECTING PETITIONER TO FILE AN AMENDED PETITION

Petitioner Bessie Dodd, Tennessee Department of Corrections prisoner number 99087, an inmate at the Mark Luttrell Correctional Center ("MLCC") in Memphis, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on March 1, 2004, along with a motion seeking leave to proceed *in forma pauperis*. The Court issued an order on September 14, 2004 denying leave to proceed *in forma pauperis* and directing the petitioner to pay the habeas filing fee within thirty (30) days of the date of entry of that order. The order further provided that "[f]ailure to timely comply with this order will result in dismissal of the petition, without further notice, for failure to prosecute." 09/15/04 Order at 1. Because it did not appear that Dodd had complied with that order, the Court

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___9-21-05___

7

issued an order on October 25, 2004 dismissing the petition without prejudice for failure to prosecute. Judgment was entered on October 28, 2004.

On November 4, 2004, Dodd filed a motion for reconsideration that included proof that she had paid the habeas filing fee on October 6, 2004. The Clerk inexplicably omitted to include a copy of the receipt in the case file or to reflect the payment on the docket. For good cause shown, the petitioner's motion for reconsideration is GRANTED and the October 25, 2004 dismissal order and the judgment are VACATED. The Clerk shall record the respond as MLCC warden Reuben Hodge.

On or about April 5, 1983, Dodd entered a guilty plea in the Dyer County Circuit Court to one count of second degree murder in connection with the death of her five-year-old son, Clint Hoover Coles. Dodd was sentenced to life imprisonment. The petition does not allege that Dodd filed a direct appeal or that she filed any collateral challenges to her conviction or sentence in state court. Instead, the petition asserts as follows:

> Petitioner contends her instant petition is properly filed before this Court in that she has exhausted state remedies. Petitioner is unlearned in the law and was unaware of any rights and/or grounds to challenge her conviction until two months ago. Petitioner is time-barred from filing a post-conviction or any other remedy known to her except a Habeas Corpus.

Petition at 4.

Pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This district has adopted the national form. Moreover, Rule 2(c)(5) provides, in pertinent part, that the petition must be "signed under penalty of perjury by the petitioner."

The documents submitted by Dodd do not comply with these rules. Dodd has not submitted a petition at all but, rather, a memorandum in support of a petition. That document is not substantially equivalent to a petition, as it is not possible to discern from that filing the extent to which Dodd has exhausted her claims in state court. Moreover, Dodd's memorandum is not sworn to under penalty of perjury.

Accordingly, Dodd is ORDERED, within thirty (30) days of the date of entry of this order, to supplement her petition with a properly completed copy of the form petition used in this district, which is sworn to under penalty of perjury. If petitioner needs additional time to complete the form petition, she must file a motion with the Clerk, prior to the expiration of the thirty-day period, asking for an additional thirty days to comply with the Court's order. The Clerk is ORDERED to mail a copy of that petition to Dodd along with this order. Failure timely to comply with this

order will result in dismissal of this petition without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 20th day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:04-CV-02166 was distributed by fax, mail, or direct printing on September 21, 2005 to the parties listed.

---

Bessie Dodd
MARK LUTTRELL CORRECTIONAL CENTER
99087
6000 State Road
Memphis, TN 38134

Honorable Samuel Mays
US DISTRICT COURT